UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL EDUARDO LEE,

      Petitioner,

v.                                   CASE NO.:  5:26-cv-21-JLB-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondent.
                               /

## ORDER

Petitioner Michael Eduardo Lee initiated this action by filing a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed on January 7, 2026.[1]   (Doc. 1).   In the petition, Petitioner challenges a felony criminal conviction from Lake County, Florida.   (Id. at 1–2).   In response, the Secretary of the Florida Department of Corrections requests that the Court dismiss the petition, asserting that Petitioner was not in custody for the offense he challenges at the time he filed the petition.   (Doc. 27).   Petitioner replied, contending that he remains in custody for the offense because he is subject to a no-contact order in another case.   (Doc. 28).

---

[1] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which—absent contrary evidence—is the date it was signed.   Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

## I.   Background

Petitioner challenges his conviction in case no. 2018-cf-933 imposed in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida. (Doc. 1).   Originally charged with criminal solicitation to commit murder, Petitioner was adjudicated guilty and sentenced pursuant to a negotiated plea agreement to a lesser included offense of solicitation to commit aggravated assault with a firearm.   (Doc. 33-1 at 50, 195–98).   On March 14, 2019, adjudication was withheld, and Petitioner was sentenced to 11 months, 29 days in the Lake County Jail, followed by four years' probation.   (Id. at 199–201, 213).   Petitioner was given credit for 429 days of time served and thus immediately began serving the probation term.   (Id. at 217).   Petitioner filed numerous postconviction motions. (See generally Docs. 33-1–33-4).   Additionally, Petitioner was found to be in violation of his probation.   At the hearing for the violation on April 27, 2023, at which Petitioner entered an open plea to violating his probation, the sentencing court modified and reinstated Petitioner's probation equal to the termination date, which was approximately five more months, and maintained the prior withhold of adjudication.   (Doc. 33-3 at 1533–1617).   Petitioner's counsel on appeal filed a suggestion of mootness, indicating Petitioner's probation ended on August 13, 2023, and the appeal was dismissed on August 23, 2023.   (Doc. 33-4 at 7–9, 11). Petitioner is presently in custody following his August 13, 2025 arrest for new charges in Lake County, Florida.   See State v. Lee, No. 2025-cf-2117 (Fla. 5th Jud. Cir. Ct.).   Petitioner is currently confined at Florida State Hospital.   (Doc. 34).

Petitioner raises multiple grounds, which, liberally construed, appear to assert claims of ineffective assistance of counsel at various points in the state court proceedings and complaints regarding his prohibition from proceeding pro se in the state courts. (Doc. 1). For relief, Petitioner requests that this Court reverse and remand his convictions to the state court. (Id. at 15).

## II.    Legal Standards

Because federal courts have limited jurisdiction, this Court can hear "only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Federal courts may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This language is jurisdictional: if a petitioner is not "in custody" when he files his petition, federal courts lack jurisdiction to consider it. See Unger v. Moore, 258 F.3d 1260, 1263 (11th Cir. 2001) (recognizing that whether a petitioner is in custody pursuant to the judgment of a state court is a jurisdictional question). Although the Supreme Court has never held that a petitioner must actually be physically confined in prison to meet section 2254(a)'s in-custody requirement, it has explained that the challenged restraint on a petitioner's liberty must "significantly restrain" him from doing "those things which in this country free men are entitled to do." Jones v. Cunningham, 371 U.S. 236, 243 (1963); cf. Maleng v. Cook, 490 U.S. 488, 491 (1989)

("We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original); see also <u>Diaz v. Fla. Fourth Jud. Cir. ex rel. Duval Cnty.</u>, 683 F.3d 1261, 1264 (11th Cir. 2012).   Further, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."   <u>Maleng</u>, 490 U.S. at 492.

### III.    Discussion

Here, Petitioner's probationary sentence terminated on August 13, 2023. (Doc. 33-4 at 8).   Therefore, he was no longer considered to be in custody for the state convictions he challenges when he filed his petition in January 2026. Petitioner suggests that he remains subject to a no-contact order in a different case, case no. 2016-DR-2915, which relates to the custody of his two children.   (Doc. 28 at 1).   He also contends that his probation in the underlying case was reinstated on October 23, 2023.   (<u>Id.</u> at 2).   However, the suggestion that his probation was reinstated in belied by the state court docket (Doc. 33-4 at 104), and Petitioner presents no other evidence to suggest that he remains on probation or is otherwise in custody for case no. 2018-cf-933

To the extent Petitioner's reply can be construed to suggest he continues to suffer collateral consequences from his conviction, that is not sufficient to consider him in custody for that prior conviction.   <u>See</u> <u>Maleng</u>, 490 U.S. at 491–92 (holding

4

the mere possibility that a fully served sentence might be used to enhance a new sentence did not render petitioner "in custody" for habeas purposes); <u>Van Zant v. Fla. Parole Comm'n</u>, 104 F.3d 325, 327 (11th Cir. 1997) (concluding that a petitioner "may challenge an expired conviction only if, at the time of the filing of the petition, (1) the petitioner is incarcerated under a current sentence that (2) has been enhanced by the expired conviction."). Accordingly, the Court lacks jurisdiction over the petition. And because the Court lacks jurisdiction, it need not address any merits-related matters. See <u>Clements v. Fla.</u>, 59 F.4th 1204, 1209 (11th Cir. 2023) ("The 'in custody' requirement of § 2254(a) is jurisdictional, so we must address it first and before any merits-related matters like the applicable statute of limitations.").[2]

## IV.    Conclusion

Because Petitioner's probationary sentence expired in August 2023, he is no longer in custody for the 2019 conviction he seeks to challenge, and the Court lacks jurisdiction over his petition.[3]

---

[2] The Court declines the Secretary's request to dismiss the petition with prejudice (Doc. 27 at 7) because a dismissal for lack of subject-matter jurisdiction is not a judgment on the merits and should be entered without prejudice. See <u>Crotwell v. Hockman-Lewis Ltd.</u>, 734 F.2d 767, 769 (11th Cir. 1984).

[3] Petitioner has filed other miscellaneous motions requesting to add a new ground to the petition. (Docs. 21, 31). Because the Court lacks jurisdiction over this action, the Court will direct the motions be terminated by the Clerk.

Accordingly, it is

**ORDERED:**

1. Petitioner's 28 U.S.C. § 2254 petition is **DISMISSED without prejudice** for lack of jurisdiction.[4]

2. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions, and close the case.

**DONE AND ORDERED** in Tampa, Florida this 11th day of June, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies:   Petitioner

---

[4] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id. However, a dismissal for lack of subject-matter jurisdiction, as here, "is not a final order in a habeas corpus proceeding within the meaning of the statute." Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004); Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015) ("The question of whether a person is 'in custody' within the meaning of 28 U.S.C. § 2241(c)(3) is one of subject-matter jurisdiction.").